IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR522 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ALEX JOSUE PINEDA-CARTAGENA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 26). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

**FACTUAL BACKGROUND**

On March 29, 2004, the Defendant was sentenced. (Filing No. 21.) On January 12, 2005, the United States Supreme Court decided *United States v. Booker,* 125 S. Ct. 738 (2005). The Defendant requests leave to file a successive motion pursuant to 28 U.S.C. § 2255, although the filed motion appears to be the first § 2255 motion. Therefore, the motion will be treated as a § 2255 motion. The Defendant argues that *Booker* applies to his case and would lead to a more favorable sentence.

## DISCUSSION

With respect to the retroactivity of the *Booker* decision, the Supreme Court stated in *Booker* that its holding applies to "all cases on direct review." *Id.* at 769. However, the *Booker* Court did not specifically extent retroactivity to cases on collateral review. Although the Eighth Circuit has not yet considered this matter, other circuit courts that have determined the issue have concluded that *Booker* is not retroactive on collateral review. *See, e.g., Green v. United States,* 397 F.3d 101, 103 (2d Cir. 2005); *McReynolds v. United States,* 397 F.3d 479, 480 (7th Cir. 2005), *cert. denied,* 2005 WL 1105026 (U.S. June 6, 2005); *In re Anderson,* 396 F.3d 1336, 1339-40 (11th Cir. 2005).

In addition to the *Booker* Court's failure to include collateral review in its statement regarding retroactivity the Court relies on the following reasoning in support of its conclusion that *Booker* is not retroactive on collateral review:

> [T]he Supreme Court has strongly implied that *Blakely* is not to be applied retroactively. The same day the Supreme Court decided *Blakely,* the Court also issued its decision in *Schriro v. Summerlin,* 124 S. Ct. 2519 (2004), holding that *Ring v. Arizona,* 536 U.S. 584 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin,* 124 S. Ct. at 2526; *see also Blakely,* 124 S. Ct. at 2548-49 (O'Connor, J., dissenting) (recognizing the Court's holding in *Summerlin* "that *Ring* (and a fortiori *Apprendi*) does not apply retroactively on habeas review"); see also *McCoy v. United States,* 266 F.3d 1245, 1256-58 (11th Cir.2001) (holding that *Apprendi* is not retroactive to cases on collateral review); *In re Joshua,* 224 F.3d at 1283 (denying the retroactive application of *Apprendi* to permit second or successive habeas petitions). Because *Blakely,* like *Ring,* is based on an extension of *Apprendi,* Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review. Accordingly, Dean's proposed claim fails to satisfy the statutory criteria. 28 U.S.C. § 2255. *Id.* It follows that because *Booker,* like *Blakely* and *Ring*, is based on an extension of *Apprendi*.

*In re Anderson,* 396 F.3d at 1339-40.

For this reason, the Defendant's § 2255 motion is summarily denied.

IT IS ORDERED:

1. The Defendant's motion to vacate under 28 U.S.C. § 2255 (Filing No. 26) is summarily denied; and

2. A separate Judgment will be issued denying the motion.

DATED this 8th day of June, 2005.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge